Virginia Z. BUTLER, Appellant,

v.

Richard ILLES, Appellee.

Superior Court of Pennsylvania.

Argued Jan. 26, 2000.

Filed Feb. 28, 2000.

Maria P. Cognetti, Harrisburg, for appellant.

Elizabeth Sutliff, Williamsport, for appellee.

Before POPOVICH, EAKIN and OLSZEWSKI, JJ.

OLSZEWSKI, J.:

¶ 1 Virginia Z. Butler appeals from the order entered on June 11, 1999, sustaining Richard Illes' preliminary objections and dismissing her complaint for custody. We affirm.

¶ 2 On January 15, 1999, Miriam Illes was shot and killed in her home. At the

time of her death, she had been separated from her husband, Richard Illes (appellee), since February of 1998, and she had primary physical custody of their four-year-old child, R.W.I. After the death of Miriam Illes, appellee assumed primary physical custody of R.W.I. Appellant, the child's maternal aunt, filed a complaint seeking custody of R.W.I.

¶3 Appellee filed a preliminary objection and a motion to dismiss the action claiming that appellant lacked standing to file for custody because she is not the parent of R.W.I. and she has not stood *in loco parentis* to the child. The trial court sustained the objection and granted the motion.

¶4 Appellant presents one issue for our review:

> DID THE LOWER COURT ERR IN FINDING THAT APPELLANT/AUNT DID NOT HAVE STANDING TO MAINTAIN A CUSTODY ACTION AGAINST APPELLEE/ FATHER?

Appellant's Brief at 4.

¶5 Initially, we state our standard of review:

> Preliminary objections, the end result of which would be dismissal of a cause of action, should be sustained only in cases that are clear and free from doubt. *Baker v. Brennan*, 419 Pa. 222, 225, 213 A.2d 362, 364 (1965). The test on preliminary objections is whether it is clear and free from doubt from all of the facts pleaded that the pleader will be unable to prove facts legally sufficient to establish his right to relief. *Firing v. Kephart*, 466 Pa. 560, 563, 353 A.2d 833, 835 (1976). To determine whether preliminary objections have been properly sustained, this court must consider as true all of the well-pleaded material facts set forth in appellant's complaint and all reasonable inferences that may be drawn from those facts. *Feingold v. Bell of Pennsylvania*, 477 Pa. 1, 4, 383 A.2d 791, 792 (1977); *Pennsylvania Li-*

*quor Control Board v. Rapistan, Inc.*, 472 Pa. 36, 42, 371 A.2d 178, 181 (1976). *Chester County Children and Youth Services v. Cunningham*, 431 Pa.Super. 421, 636 A.2d 1157, 1158 (1994) (quoting *Bower v. Bower*, 531 Pa. 54, 611 A.2d 181, 182 (1992)).

¶6 A trial court's determination of standing will not be disturbed by our Court absent an abuse of discretion or an error of law. *See Kellogg v. Kellogg*, 435 Pa.Super. 581, 646 A.2d 1246, 1250 (1994). "It is well established that persons other than natural parents are third parties for purposes of custody controversies." *Bupp v. Bupp*, 718 A.2d 1278, 1281 (Pa.Super.1998). Third parties will be found to have standing only when they establish that they have a *prima facie* right to custody. *See id.* A *prima facie* right to custody may be established when the third party has stood *in loco parentis* to the child. *See id.*

> The phrase 'in loco parentis' refers to a person who puts himself in the situation of a lawful parent by assuming the obligations incident to the parental relationship without going through the formality of legal adoption. The status of 'in loco parentis' embodies two ideas; first, the assumption of a parental status, and, second, the discharge of parental duties.

*Commonwealth ex. rel. Morgan v. Smith*, 429 Pa. 561, 241 A.2d 531, 533 (1968).

¶7 Appellant waives her claim that she has stood *in loco parentis* to R.W.I. because she has failed to adequately set forth an argument on this issue. "When issues are not properly raised and developed in briefs, when briefs are wholly inadequate to present specific issues for review, a court will not consider the merits thereof." *Commonwealth v. Drew*, 353 Pa.Super. 632, 510 A.2d 1244, 1245 (1986) (citing *Commonwealth v. Sanford*, 299 Pa.Super. 64, 445 A.2d 149, 150 (1982)); *see also Commonwealth v. Miller*, 721 A.2d 1121, 1124 (Pa.Super.1998) ("The lack of factual background and citation to the

record, coupled with the anemic state of the argument portion of Appellant's brief, represent serious deviations from the briefing requirements of the Rules of Appellate Procedure.... Failure to brief an issue in this manner is to waive it...."); *Smathers v. Smathers*, 448 Pa.Super. 162, 670 A.2d 1159 (1996) (Substantial defects in appellant's brief precluded meaningful judicial review.). Appellant's argument in her brief regarding her *in loco parentis* status lacks any meaningful substance and consists of several conclusory statements. First, appellant argues that she is the blood relative of R.W.I. and that she had a "sustained, substantial and sincere interest in the welfare of [R.W.I.]" Appellant's brief at 11. Appellant also cites to an attached exhibit purportedly portraying the contacts between appellant and R.W.I. Our review of this exhibit reveals a rambling portrayal of a typical family life with occasional contact between R.W.I.'s nuclear family and appellant.

¶ 8 Ultimately, appellant has failed to cogently explain or even tenuously assert why the trial court abused its discretion or made an error of law. We are unable to act as counsel for appellant and craft an argument on her behalf. *See Smathers*, 670 A.2d at 1160. Accordingly, appellant waives her *in loco parentis* claim.

■ ¶ 9 Although we hold that appellant has waived the issue of *in loco parentis*, we also find that appellant's claim fails as a matter of law. While a presumption favors biological parents in custody disputes, our Supreme Court has held that "convincing reasons" may compel a court to award primary custody of a child to a third party.

It is axiomatic that in custody disputes, "the fundamental issue is the best interest of the child." *Ellerbe v. Hooks*, 490 Pa. 363, 416 A.2d 512, 513 (1980). In a custody contest between two biological parents, "the burden of the proof is shared equally by the contestants...." *Id.* Yet, where the custody dispute is between a biological parent and a third party, the burden of proof is not evenly balanced. In such instances, "the parents have a 'prima facie right to custody,' which will be forfeited only if 'convincing reasons' appear that the child's best interest will be served by an award to the third party. Thus, even before the proceedings start, the evidentiary scale is tipped, and tipped hard, to the [biological] parents' side." *Id.* at 514 (quoting *In re Hernandez*, 249 Pa.Super. 274, 376 A.2d 648, 654 (1977)).

*Charles v. Stehlik*, —— Pa. ——, 744 A.2d 1255, 1258 (2000).

¶ 10 In the *Charles v. Stehlik* custody dispute, the Supreme Court ruled that the stepfather, rather than the child's natural father, should retain primary custody over the child after the child's mother succumbed to cancer. *See id.* at 1259. The child, who was born on March 3, 1989, had lived with his stepfather since the age of one. *See id.* at 1257. In reaching its decision, the Supreme Court noted that, in addition to the extended duration of the relationship between the child and stepfather, the trial court found credible evidence demonstrating a strong bond between the child and stepfather. *See id.* at 1257–58. The trial court stated the child "has had such serious and traumatic changes and losses in his life recently, it would not be healthy for him to suffer the additional loss of his day-to-day home and father and be required to move to a new home in New Jersey." *See id.* (quoting Tr. Ct. slip op. at 15–16). The circumstances of this case are easily distinguished from *Charles*.

¶ 11 During the trial court proceedings, counsel for appellant implicitly conceded that appellant has not had an opportunity to assume the parental responsibilities for R.W.I. or discharge parental duties necessary for the care of R.W.I.

THE COURT: Ever stand in loco parentis?

MS. BOWMAN [counsel for appellant during proceedings]: Only during times

when Miriam and Richard would be on vacation.

MS. YAW [counsel for appellee]: She can't be in loco parentis if he was with his parents.

MS. BOWMAN: No, they would take vacations Virginia would act as parent.

MS. YAW: That's no loco parentis you go on vacation for five or six days leave the child with somebody that is not loco parentis.

. . .

THE COURT: [Discussing a period of February to December 1998.] Eighty-seven out of 300 the child was in her company either with or without the parent, one of the parents. Now how many days of those days was the child exclusively with Ms. Butler? Do you know what would be? Roughly?

MS. BOWMAN: Very few.

Trial Court Proceedings, 8/18/99 at 7–10. Thus, the record indicates appellant looked after R.W.I. while his biological parents were on vacation and otherwise had occasional contact with him in the presence of one or both parents.

¶ 12 In contrast to the close and extended relationship between the child and stepfather in *Charles*, appellant merely argues that she has an interest in the welfare of R.W.I. This bald assertion, even coupled with the typical family interaction we have dissected from the record, is grossly inadequate to support a third party *in loco parentis* claim against a biological parent.

■ ¶ 13 As a final argument, appellant contends that the trial court erred by canceling the scheduled hearing pending resolution of the preliminary objections. Pa. R.C.P. 1915.5 states that filing preliminary objections should not delay a custody hearing. Our Court has specifically addressed this rule:

> It is clear from this rule and others that custody actions are to be resolved as quickly as possible.... In keeping with this goal, we believe it is best that standing challenges serve in no way to

delay a custody matter. The custody hearing should proceed as scheduled despite the filing of a preliminary objection based on lack of standing.

> Once a hearing has commenced, a trial court may make the standing determination at any time, depending on the particular facts and circumstances before it. For instance, it may become clear to the trial judge rather quickly that the person seeking custody is a virtual stranger to the child or children at issue. In that case, it would be appropriate for the judge to deny standing to that party promptly.

*Kellogg*, 646 A.2d at 1250.

¶ 14 In this case, the trial court "canceled [the hearing] pending resolution of the preliminary objections. Will be re-scheduled if such are overruled or withdrawn (sic)." Cancellation Notice of Conference/Hearing. Under *Kellogg*, the trial court should have continued with the hearing and concurrently disposed of the preliminary objection.

¶ 15 While the trial court failed to follow proper procedure, this does not warrant reversal. Considering the best interests of R.W.I. and the need to swiftly resolve this custody dispute, we will not remand this case for the trial court to walk through a procedural technicality only to reach the same result.

¶ 16 Order **AFFIRMED**.