J-A17041-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| CHERYL COCO LEWIS, FOR THE ESTATE OF: DORI MORRIS | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | |
| v. | |
| JOHN R. GILLERLAIN, DR. AND MRS. JOSEPH GILLERLAIN AND CINDY B. HALLOCK, ESQUIRE | |
| Appellee | No. 862 EDA 2015 |

Appeal from the Judgment Entered February 23, 2015
In the Court of Common Pleas of Montgomery County
Civil Division at No(s): 2011-11501

BEFORE: GANTMAN, P.J., LAZARUS, J., and PLATT, J.*

JUDGMENT ORDER BY GANTMAN, P.J.:          **FILED JUNE 21, 2016**

Appellant, Cheryl Coco Lewis, for the estate of: Dori Morris ("Decedent"), appeals from the summary judgment entered in the Montgomery County Court of Common Pleas, in favor of Appellees, John R. Gillerlain and Dr. and Mrs. Joseph Gillerlain (collectively, "the Gillerlains").[1] On May 18, 2011, Appellant initiated this civil lawsuit by writ of summons. Appellant filed a complaint against Appellees on June 15, 2011, in her purported capacity as representative of Decedent's estate, alleging claims of,

_____

[1] The court previously sustained preliminary objections filed by Appellee Cindy B. Hallock, Esquire ("Attorney Hallock"), and dismissed all of Appellant's claims against her.

_____

*Retired Senior Judge assigned to the Superior Court.

*inter alia*, false imprisonment, fraud, negligence, and wrongful death. Appellant amended her complaint on June 7, 2012 and April 22, 2013. Specifically, Appellant alleged, *inter alia*, that prior to Decedent's death, Appellees John Gillerlain (Decedent's ex-husband) and Dr. and Mrs. Gillerlain (John Gillerlain's parents) had taken custody of Decedent against her will and, with the help of Attorney Hallock, exerted undue influence over Decedent so she would alter her last will and testament to their benefit. On May 9, 2013, Dr. and Mrs. Gillerlain filed preliminary objections. John Gillerlain filed preliminary objections on May 13, 2013. On August 13, 2013, Attorney Hallock filed preliminary objections. On November 21, 2013, the court sustained Attorney Hallock's preliminary objections and dismissed all claims against her; and sustained in part and overruled in part the Gillerlains' respective preliminary objections, dismissing all claims against them except for false imprisonment. The Gillerlains subsequently filed motions for summary judgment on the remaining false imprisonment claim. On February 23, 2015, the court entered summary judgment in favor of the Gillerlains. Appellant timely filed a notice of appeal on March 20, 2015. On March 31, 2015, the court ordered Appellant to file a concise statement per Pa.R.A.P. 1925(b). Following a grant of extension, Appellant complied.

Preliminarily, we observe generally that issues not raised in a Rule 1925(b) statement will be deemed waived. ***Lineberger v. Wyeth***, 894 A.2d 141 (Pa.Super. 2006). The Rule 1925 statement must be specific

enough for the trial court to identify and address the issue(s) an appellant wishes to raise on appeal. *Id.* "[A] [c]oncise [s]tatement which is too vague to allow the court to identify the issues raised on appeal is the functional equivalent of no [c]oncise [s]tatement at all." *Id.* at 148. If a concise statement is too vague, the court may find waiver and disregard any argument. *Id.* As well, appellate briefs must conform in all material respects to the briefing requirements in the Pennsylvania Rules of Appellate Procedure. Pa.R.A.P. 2101. Where an appellant fails to raise or develop her issues on appeal properly, or where her brief is wholly inadequate to present specific issues for review, this Court will not consider the merits of the claims raised. *Butler v. Illes*, 747 A.2d 943 (Pa.Super. 2000). Instantly, Appellant's "concise" statement consists of 6 pages of law related to summary judgment, judicial estoppel, preliminary objections, perjury and fraud on the court, undue influence, false imprisonment, wrongful death, fraud, collateral estoppel or issue preclusion, spoliation of evidence, admissions, and conflicts of law; and 4 pages of Appellant's version of the facts of this case. Significantly, Appellant's Rule 1925(b) statement does not articulate the issues Appellant planned to raise on appeal or explain how the court erred in its ruling, aside from stating generally that the summary judgment decision was incorrect. Based on Appellant's lengthy and non-specific Rule 1925(b) statement, the trial court could not determine the issues Appellant sought to raise on appeal and concluded Appellant waived

her appellate claims. We agree. *See Lineberger, supra*. Additionally, Appellant's appellate brief is an almost verbatim cut-and-paste of her Rule 1925(b) statement, which provides no coherent argument applying the law cited to the facts of this case. *See* Pa.R.A.P. 2119(a) (stating argument section shall be divided into as many sections as there are questions presented, followed by discussion and citations to pertinent legal authorities). Appellant's failure to preserve and/or adequately develop her claims on appeal compels waiver of all issues. *See Lineberger, supra*; *Butler, supra*. Accordingly, we affirm.

Judgment affirmed. Case is stricken from the argument list.

Judgment Entered.

_____

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/21/2016