J. S57014/16

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| NADINE L. COMEAU | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| WILLIAM J. BURGER, | : | No. 1617 WDA 2015 |
| | : | |
| Appellant | : | |

Appeal from the Order Entered September 21, 2015,
in the Court of Common Pleas of Erie County
Domestic Relations Division at No. NS 200002722,
PACSES Case No. 854102781

BEFORE:  FORD ELLIOTT, P.J.E., SHOGAN AND STRASSBURGER,* JJ.

MEMORANDUM BY FORD ELLIOTT, P.J.E.:          **FILED AUGUST 15, 2016**

William J. Burger ("Father") appeals ***pro se*** from the September 21, 2015 order denying his motion to recuse.  We affirm.

The record reflects that Father and Nadine L. Comeau ("Mother") are the parents of one minor child.  Father's child support obligation was originally established in 2002.  Since that time, Mother and Father have petitioned the trial court to modify Father's support obligation numerous times.

The record further reflects that on September 17, 2015, Father filed a motion to recuse "built upon the premise that [the trial court's] rulings in this case have all been false. . . ."  (Motion to recuse, 9/17/15 at 1, ¶ 2.) On September 21, 2015, the trial court denied the motion.  Father then filed

---

* Retired Senior Judge assigned to the Superior Court.

a timely notice of appeal. The trial court ordered Father to file a concise statement of errors complained on appeal pursuant to Pa.R.A.P. 1925(b). Father complied. The trial court then filed a Rule 1925(a) opinion.

Father raises the following issues for our review:

1. Did the trial judge err in not removing herself from a case where she has falsified a Court Order and admitted it on the record in 2013; and then falsified two more Orders in May 2015, establishing a behavioral pattern, and impeaching her entire record?

2. Did the trial judge err in not removing herself from a case where she has been caught 1) rigging the Erie County judicial selection process, 2) frustrating the [Father's] Constitutional Right to bring matters before an impartial Court, 3) involving herself in Support Cases at intake, and 4) keeping "special" cases flagged for only her courtroom?

3. Did the trial judge err in not recusing from a case where she personally attempted to defraud the [Father] of a $40 filing fee in May 2015, and delivered a falsified final Order in place of an Order for Conference, on Defendant's 5/6/15 petition?

Father's brief at viii.

In his brief, Father admits that he previously filed a motion for recusal that the trial court denied and that this court quashed on appeal. (Father's brief at 2.) Our review of the record reveals that on May 28, 2014, this court quashed as untimely Father's appeal of the September 18, 2013 order denying Father's motion for recusal at No. 1704 WDA 2013 (consolidated

with No. 1677 WDA 2013). *Comeau v. Burger*, 104 A.3d 63 (Pa.Super. 2013) (unpublished memorandum).

The record further reflects that on May 10, 2016, this court quashed as untimely Father's appeal of the May 22, 2015 order making an interim order a final order for child support at No. 994 WDA 2015 (consolidated with No. 1021 WDA 2015). *Comeau v. Burger*, 2016 Pa.Super. Unpub. LEXIS 1585 (May 10, 2016). Of the eight issues Father raised in that appeal, one raised trial court error for failure to recuse.

Additionally, although Father now appeals from the September 21, 2015 order denying his motion to recuse, Father fails to provide any authority to support his position that the trial court abused its discretion in denying his recusal motion. Therefore, on that basis alone, Father waives his issues on appeal. Pa.R.A.P. 2119(a) (an appellate brief must contain "discussion and citation of authorities" to each issued raised); *see also Butler v. Illes*, 747 A.2d 943, 944 (Pa.Super. 2000) ("When issues are not properly raised and developed in briefs, when briefs are wholly inadequate to present specific issues for review, [this] court will not consider the merits thereof." (citations omitted)).

Moreover, Father's brief reveals that what he really seeks on appeal is a modification of support. As Father states,

> Since the lower Court has never ruled on Father's petition for Modification since 2013, because he cannot appear in Judge Kelly's courtroom for a pre-fixed sham of a hearing; he has been forced to

> employ his right to bring the unheard matter before
> the Court again, and again, and again . . . .

Father's brief at 6. Because the argument Father presents in his brief bears no relation to the issue of whether the trial court abused its discretion in denying his recusal motion, we decline Father's invitation to consider it.

That being said, after reviewing the record, we agree with the learned trial court that:

> Father's allegations of error are an attempt to relitigate previously decided issues by making accusations of bias against the Court regarding prior rulings -- rulings which have been fully litigated and consistently upheld. ***See, for example,*** Superior Court Dockets 522 WDA 2008, 443 WDA 2012, 705 WDA 2012, 1172 WDA 2012 and 1883 WDA 2012. . . .

Trial court opinion, 11/3/15 at 1.

We find no abuse of discretion.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date:  8/15/2016

- 4 -