J-S59002-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| COREY LEE HARVEY, | |
| Appellant | No. 2215 EDA 2015 |

Appeal from the Judgment of Sentence Entered May 26, 2015
In the Court of Common Pleas of Lehigh County
Criminal Division at No(s): CP-39-CR-0003188-2014

BEFORE:  BENDER, P.J.E., OLSON, J., and FITZGERALD, J.[*]

MEMORANDUM BY BENDER, P.J.E.:          **FILED NOVEMBER 16, 2016**

Appellant, Corey Lee Harvey, appeals from the judgment of sentence of an aggregate term of 5 to 14 years' imprisonment, imposed after he was convicted of one count each of burglary,[1] conspiracy to commit burglary,[2] criminal trespass,[3] and theft by unlawful taking.[4]  Appellant challenges the sufficiency of the evidence to sustain his convictions and alleges the verdict is against the weight of the evidence.  Appellant also asserts that his

_____

[*] Former Justice specially assigned to the Superior Court.

[1] 18 Pa.C.S. § 3502(a)(2).

[2] 18 Pa.C.S. §§ 903, 3502(a)(2).

[3] 18 Pa.C.S. § 3503(a)(1)(ii).

[4] 18 Pa.C.S. § 3921(a).

sentence is manifestly excessive and an abuse of the trial court's discretion. We affirm.

Appellant's convictions stemmed from a burglary that occurred on March 28, 2014. Following a jury trial, Appellant was found guilty of the above-stated charges and sentenced to the following: 3 to 10 years' imprisonment on the charge of burglary; a consecutive sentence of 2 to 4 years' imprisonment on the charge of criminal conspiracy to commit burglary; and a concurrent sentence of 15 to 30 months' imprisonment on the charge of criminal trespass. The charge of theft by unlawful taking merged with the burglary charge for sentencing purposes. Trial Court Opinion, 8/19/15, at 2. Subsequently, Appellant filed a post-sentence motion which challenged the sufficiency and weight of the evidence and requested that the court reconsider his sentence. Appellant's request for relief was denied by the trial court on June 23, 2015. *Id.*

On July 21, 2015, Appellant filed a timely notice of appeal, followed by a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b).[5] Herein, Appellant presents the following issues for our review:

> I.    Whether or not the evidence as presented was sufficient as a matter of law to support the conviction for burglary, criminal conspiracy, and criminal trespass when the

---

[5] All of the matters stated within Appellant's Rule 1925(b) statement were previously addressed by the trial court in its opinion docketed on June 24, 2015. Consequently, the trial court incorporated said opinion into its August 19, 2015 Rule 1925(a) opinion. *Id.*

evidence that [Appellant] was aware of the illegal activity was questionable and uncertain?

II. Was the verdict against the weight of the evidence in regards to the proof of whether or not [Appellant] was guilty of the charges and was aware that a burglary was occurring?

III. Whether the sentences as imposed were manifestly excessive as they were in the aggravated range of [Appellant's] applicable sentencing guidelines and were not justified by the overall history and circumstances in [Appellant's] life?

Appellant's Brief at 8-9 (unnecessary capitalization omitted).

To begin, we note our standard of review of a challenge to the sufficiency of the evidence:

In reviewing a sufficiency of the evidence claim, we must determine whether the evidence admitted at trial, as well as all reasonable inferences drawn therefrom, when viewed in the light most favorable to the verdict winner, are sufficient to support all elements of the offense. Additionally, we may not reweigh the evidence or substitute our own judgment for that of the fact finder. The evidence may be entirely circumstantial as long as it links the accused to the crime beyond a reasonable doubt.

*Commonwealth v. Koch*, 39 A.3d 996, 1001 (Pa. Super. 2011) (citations omitted).

Appellant challenges the sufficiency of the evidence to support his convictions of burglary and conspiracy to commit burglary.[6] "A person

_____

[6] Although Appellant's first issue references the sufficiency of the evidence to support his conviction of criminal trespass in addition to burglary and conspiracy to commit burglary, his brief lacks any argument whatsoever regarding the sufficiency of evidence to support his criminal trespass conviction. Accordingly, we deem Appellant's sufficiency claim regarding his criminal trespass conviction waived and treat this issue as a sufficiency
*(Footnote Continued Next Page)*

commits the offense of burglary if, with the intent to commit a crime therein, the person enters a building or occupied structure, or separately secured or occupied portion thereof that is adapted for overnight accommodations in which at the time of the offense no person is present." 18 Pa.C.S. § 3502(a)(2). Moreover, it is well-established that "[t]o sustain a conviction for criminal conspiracy, the Commonwealth must establish the defendant: (1) entered into an agreement to commit or aid in an unlawful act with another person or persons; (2) with a shared criminal intent; and (3) an overt act was done in furtherance of the conspiracy." *Commonwealth v. Devine*, 26 A.3d 1139, 1147 (Pa. Super. 2011). "This overt act need not be committed by the defendant; it need only be committed by a co-conspirator." *Commonwealth v. Hennigan*, 753 A.2d 245, 253 (Pa. Super. 2000) (citations omitted).

Before addressing whether the elements of the above-stated crimes have been met, we review the facts reflected in the record of the jury trial which led to Appellant's convictions, summarized by the trial court as follows:

> [T]he evidence established that on March 28, 2014, at approximately 11:50 a.m., Officer Anthony Scocca of the

*(Footnote Continued)* ———————

challenge only to his convictions of burglary and conspiracy to commit burglary. *See Butler v. Illes*, 747 A.2d 943, 944 (Pa. Super 2000) (holding "[w]hen issues are not properly raised and developed in briefs, when briefs are wholly inadequate to present specific issues for review, a court will not consider the merits thereof").

Allentown Police Department was dispatched to 960 West Emmaus Avenue, Allentown, Lehigh County, Pennsylvania, for a burglary in progress. As he arrived on scene, he observed Officer Mark Dean of the Allentown Police Department on the front lawn of the premises with two (2) males in custody. The two (2) males were subsequently identified as [Appellant,] Corey Harvey[,] and Co-Defendant[,] Zachary Schanenberger. Officer Scocca ultimately placed [Mr.] Schanenberger into police custody. A pat down of [Mr.] Schanenberger was performed by Officer Scocca and he located a camera that belonged to the tenants of 960 West Emmaus Avenue, Apartment 126, in [his] left pants pocket. In addition, [Mr.] Schanenberger possessed two (2) cellular telephones. He indicated that one (1) cellular telephone belonged to him and that the other one was taken from the residence located at 960 West Emmaus Avenue. [Mr.] Schanenberger indicated to Officer Scocca that they were there to retrieve items for "Rachel."

Josefina Baez, a resident of 960 West Emmaus Avenue, Apartment 126, Allentown, received a telephone call from her neighbor while she was at work. The neighbor advised her that two (2) men were in her home. When Ms. Baez arrived on scene approximately five (5) minutes later, she observed three (3) officers and two (2) males on her lawn with garbage bags (taken from her residence) filled with her belongings. Inside the garbage bags were, *inter alia*, Ms. Baez's jewelry box containing jewelry valued at approximately [$125.00], a Play Station, her husband's sneakers, a laptop computer, and a Tasmanian Devil bank containing approximately [$125.00] in cash. She noted that her apartment had been ransacked and was in total disarray. In addition, Ms. Baez observed that a screen had been cut and removed from the back bedroom window, and a white plastic lawn chair had been placed under it. Ms. Baez testified that she did not know [Appellant], and she did not give him permission to enter her residence or remove anything therefrom.

Ms. Baez lives with her husband, Victor Brown, and their two (2) daughters. Mr. Brown did not know [Appellant], and he did not grant him permission to enter his residence or remove anything therefrom. Upon questioning Ms. Baez about the identity of "Rachel," the authorities learned that Rachel was Ms. Baez's 21 year old daughter. Ms. Baez informed the officers that Rachel had stayed in the apartment located at 960 West Emmaus Avenue from December of 2013 through February of

2014. However, Rachel was never provided with a key to the residence.

[Mr.] Schanenberger testified that he was familiar with Rachel. In particular, he stated that he, [Appellant], William Medina, and Rachel had discussed burglarizing Rachel's mother's apartment approximately two (2) weeks prior to March 28, 2014. [Mr.] Schanenberger indicated that Rachel wanted to retaliate against her mother because her mother, [Ms.] Baez, had kicked her out of the house. Rachel had told them that between the hours of 9:30 a.m. and 11:00 a.m., the residence would be empty and that her mother had jewelry, cash, and electronics in the home. Consequently, on March 28, 2014, at approximately 8:00 a.m., [Mr.] Schanenberger, [Appellant], and [Mr.] Medina drove to 960 West Emmaus Avenue. [Mr.] Schanenberger testified that the back door of the residence was supposed to be unlocked, but it was not. Therefore, he gained entrance through an open window in the rear of the apartment complex. Upon entering, [Mr.] Schanenberger unlocked the door and called [Appellant] over from the truck. [Appellant] initially grabbed the garbage bags. He then took a Play Station, a laptop, and a few other items from the living room and kitchen areas, while [Mr.] Schanenberger took items from the bedroom. While [Appellant] and [Mr.] Schanenberger were exiting the residence, each with a garbage bag in their hands, the police were out front. They were immediately detained. [Mr.] Schanenberger revealed that the plan was to sell the items that they took from the apartment for money in order to get [Mr.] Medina's truck repaired.

Trial Court Opinion (TCO), 6/24/15, at 4-8.

On appeal, Appellant argues that the evidence was insufficient to prove beyond a reasonable doubt that he knowingly committed a burglary or that he was involved in a conspiracy to commit a burglary. Appellant's Brief at 14. After careful review, we discern Appellant's contentions to be wholly without merit.

At his jury trial, Appellant testified that he and Mr. Medina traveled to the residence at 960 W. Emmaus Avenue "at the request of [Mr.]

Schanenberger[,] in order to retrieve property belonging to Rachel[,] who was a friend of Mr. Schanenberger." *Id.* at 15. Appellant further asserts that he had no knowledge at the time that they did not have permission to be there or that Mr. Schanenberger was going there with the intent to commit a burglary. *Id.* at 16. However, the Commonwealth presented contradictory evidence that demonstrated Appellant was a knowing and willing participant in the burglary. *Id.* More specifically, Mr. Schanenberger testified that he, Mr. Medina, Rachel, and Appellant had discussed burglarizing Rachel's mother's apartment approximately two weeks prior to the date of the incident. TCO at 7. "At the conclusion of the jury trial, the jury had no doubt that [Appellant] entered the residence [of Ms. Baez] when no one was present, with the intent to commit a crime therein, and conspired to do same." TCO at 8. "It is well-settled that the jury is free to believe all, part or none of the evidence and must determine the credibility of the witnesses." *Commonwealth v. Orie*, 88 A.3d 983 (Pa. Super. 2014). Viewing the evidence in a light most favorable to the Commonwealth, we conclude that the evidence was clearly sufficient to support the jury's finding Appellant guilty of burglary and conspiracy to commit burglary. Therefore, we uphold Appellant's convictions.

Next, we address Appellant's challenge to the weight of the evidence to support his convictions.

> A claim alleging the verdict was against the weight of the evidence is addressed to the discretion of the trial court. Accordingly, an appellate court reviews the exercise of the trial

- 7 -

court's discretion; it does not answer for itself whether the verdict was against the weight of the evidence. It is well settled that the jury is free to believe all, part, or none of the evidence and to determine the credibility of the witnesses, and a new trial based on a weight of the evidence claim is only warranted where the jury's verdict is so contrary to the evidence that it shocks one's sense of justice. In determining whether this standard has been met, appellate review is limited to whether the trial judge's discretion was properly exercised, and relief will only be granted where the facts and inferences of record disclose a palpable abuse of discretion.

***Commonwealth v. Houser***, 18 A.3d 1128, 1135-36 (Pa. 2011) (citations and internal quotation marks omitted).

Appellant acknowledges that he carried items out of Ms. Baez's residence. He argues, however, that whether he committed a criminal act hinges on whether he thought he was "doing a favor for a friend." Appellant's Brief at 20. Appellant avers that the jury improperly gave weight to the testimony of Mr. Schanenberger over his own testimony. However, as the trial court stated:

> From the evidence [of record], it is reasonable to have concluded that [Appellant] was the individual who entered onto the premises located at 960 West Emmaus Avenue, Apartment 126, when no one was present, with the intent to commit a crime therein, and conspired to do same. Also, based on the evidence, it is reasonable to have concluded that [Appellant], knowing that he was not licensed or privileged to do so, broke into the subject premises and unlawfully took property of Ms. Baez and Mr. Brown with the intent to deprive them thereof. Accordingly, [Appellant's] challenge to the weight of the evidence must fail.

TCO at 9.

Moreover, we note that Appellant's argument ignores the well-settled principles of law that the finder of fact makes credibility determinations and

is free to believe all, part, or none of the evidence. ***Commonwealth v. Gibbs***, 981 A.2d 274, 282 (Pa. Super. 2009). The jury was free to believe the testimony of Mr. Schanenberger over that of Appellant and to weigh the testimony accordingly. Based on our review of the record, we ascertain no abuse of discretion by the trial court.

Finally, we address Appellant's claim that his sentence is manifestly excessive. Appellant avers that the trial court failed to provide any appropriate reasons for sentencing him in the aggravated range and failed to consider any mitigating factors prior to the imposition of his sentence. Appellant's Brief at 12. We note that Appellant's allegations relate to the discretionary aspects of his sentence.

> Challenges to the discretionary aspects of sentencing do not entitle an appellant to review as of right. An appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction by satisfying a four-part test:
>
> We conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, ***see*** Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, ***see*** Pa.R.Crim.P. 720; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).
>
> Objections to the discretionary aspects of a sentence are generally waived if they are not raised at the sentencing hearing or in a motion to modify the sentence imposed.

***Commonwealth v. Moury***, 992 A.2d 162, 170 (Pa. Super. 2010) (citations and internal quotations omitted).

Here, the record clearly reflects that Appellant filed a timely notice of appeal, properly preserved his claim in his post-sentence motion, and included a separate, concise Rule 2119(f) statement in his appellate brief in compliance with the Pennsylvania Rules of Appellate Procedure. Thus, we proceed to determine whether Appellant has raised a substantial question to meet the fourth requirement of the four-part test outlined above.

Appellant asserts that the trial court sentenced him in the aggravated range without providing adequate reasons and without giving appropriate consideration to mitigating factors. Appellant's Brief at 12. Based on Appellant's arguments and the case law on which he relies, we conclude that he has presented a substantial question for our review. *See Commonwealth v. Felmlee*, 828 A.2d 1105, 1107 (Pa. Super. 2003) (finding a substantial question existed where the appellant argued that the sentencing court erred by imposing an aggravated range sentence without consideration of mitigating circumstances). Accordingly, we will review the merits of his claim, keeping in mind that,

> [t]he sentencing court is given broad discretion in determining whether a sentence is manifestly excessive because the sentencing judge is in the "best position to measure factors such as the nature of the crime, the defendant's character and the defendant's display of remorse, defiance, or indifference." *Commonwealth v. Andrews*, 720 A.2d 764, 768 (Pa. Super. 1998) (quoting *Commonwealth v. Ellis*, 700 A.2d 948, 958 (Pa. Super. 1997)). In order to find that a trial court imposed an "unreasonable" sentence, we must determine that the sentencing court imposed the sentence irrationally and that the court was "not guided by sound judgment." *Commonwealth v. Walls*, 592 Pa. 557, 564, 926 A.2d 957, 961 (2007).

***Commonwealth v. Riggs***, 63 A.3d 780, 786 (Pa. Super. 2012).

We further note:

When imposing a sentence, a court is required to consider the particular circumstances of the offense and the character of the defendant. In particular, the court should refer to the defendant's prior criminal record, his age, personal characteristics and his potential for rehabilitation. Where the sentencing court had the benefit of a presentence investigation report ("PSI"), we can assume the sentencing court was aware of the relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors. Further, where a sentence is within the standard range of the guidelines, Pennsylvania law views the sentence as appropriate under the Sentencing Code.

***Moury***, 992 A.2d at 171 (citations and internal quotation marks omitted).

Here, not only did the trial court have the benefit of a PSI, it expressly stated that it considered all of the appropriate relevant factors, as explained in the following portion of its Rule 1925(a) opinion:

This [c]ourt considered all the required statutory factors in sentencing [Appellant]. Indeed, in imposing [Appellant's] sentence, this [c]ourt considered the 'protection of the public, the gravity of the offense as it relates to the impact on the victim and the community, the defendant's rehabilitative needs, and the sentencing guidelines.' 42 Pa.C.S. § 9721(b); ***Commonwealth v. Feucht***, 955 A.2d 377, 383 (Pa. Super. 2008).

Prior to sentencing this [c]ourt carefully reviewed the Pre-Sentencing Investigation Report prepared on May 19, 2015. The [c]ourt was aware of all of the information contained therein. Therefore, this [c]ourt did not fail to consider mitigating factors. Indeed, this [c]ourt was cognizant of [Appellant's] behavior while in Lehigh County Prison, the recommendation of the Probation Officer, [Appellant's] family situation, [Appellant's] employment history and new business venture, [Appellant's] community involvement prior to incarceration, [Appellant's] failure to comply with supervision in the past, [Appellant's] lack

- 11 -

of remorse or acceptance of responsibility, and the circumstances and facts giving rise to the crimes. Additionally, this [c]ourt articulated on the record the reasons for the imposition of the sentence on the charge of Burglary within the aggravated range of the guidelines: (1) the guidelines do not accurately reflect the seriousness of the crime; and (2) the guidelines do not reflect that [Appellant's] prior criminal history involves similar types of crimes such as thefts, robberies and firearms offenses.

TCO at 12-13 (internal citations omitted).

After careful review of the record, we are satisfied that the trial court gave appropriate consideration to the relevant factors before issuing Appellant's sentence, and we ascertain no abuse of discretion. Appellant's claim regarding the length of his sentence is without merit.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/16/2016