J-A28007-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| MARGUERITE DUTTON | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| v. | : | |
| | : | |
| NIKKISHA P. MCCREA, M.D. | : | |
| | : | |
| Appellee | : | No. 555 EDA 2017 |

Appeal from the Order Entered January 20, 2017
In the Court of Common Pleas of Philadelphia County
Civil Division at No(s):  September Term, 2016 No. 0014

BEFORE:  GANTMAN, P.J., PANELLA, J., and DUBOW, J.

JUDGMENT ORDER BY GANTMAN, P.J.:          **FILED OCTOBER 30, 2017**

Appellant, Marguerite Dutton, appeals *pro se* from the order entered in the Philadelphia County Court of Common Pleas, which granted the motion to dismiss of Appellee, Nikkisha P. McCrea, M.D., in this medical malpractice action.  On September 4, 2016, Appellant filed a *pro se* medical malpractice complaint against Appellee, alleging negligent treatment by Appellee from May 5, 2013 through June 17, 2013.  Appellee filed preliminary objections on September 23, 2016, based on, *inter alia*, improper service.  Appellee also filed a motion to dismiss on September 27, 2016, per Pa.R.C.P. 233.1 (explaining court can grant motion to dismiss where *pro se* plaintiff is alleging same or related claims which *pro se* plaintiff raised in prior action against same or related defendants and claims have already been resolved in court proceeding).  Appellant responded to the preliminary objections and

motion to dismiss on October 13, 2016. On November 2, 2016, the court sustained Appellee's preliminary objection for improper service and dismissed the remaining objections without prejudice. The court also dismissed Appellee's motion to dismiss without prejudice to her right to re-file that motion once service was perfected. The court gave Appellant twenty days to perfect service.

On November 18, 2016, Appellant served her complaint on Appellee. Appellee filed preliminary objections on November 22, 2016, and another motion to dismiss per Rule 233.1. On December 8, 2016, Appellant filed separate motions for extension of time to file a certificate of merit and an amended complaint. Appellant responded to Appellee's preliminary objections and motion to dismiss on December 12, 2016. On January 20, 2017, the court entered four orders: denying Appellant's motion to extend the time for filing a certificate of merit, denying Appellant's motion for extension of time to file an amended complaint, sustaining Appellee's preliminary objections, and granting Appellee's motion to dismiss the complaint with prejudice.[1] Appellant timely filed a *pro se* notice of appeal on January 31, 2017. No Pa.R.A.P. 1925(b) statement was ordered or filed.

Preliminarily, appellate briefs must conform in all material respects to the briefing requirements in the Pennsylvania Rules of Appellate Procedure.

---

[1] The order granting Appellee's motion to dismiss also barred Appellant from pursuing additional litigation against Appellee.

Pa.R.A.P. 2101.  Where an appellant fails to raise or develop her issues on appeal properly, or where her brief is wholly inadequate to present specific issues for review, this Court will not consider the merits of the claims raised. **Butler v. Illes**, 747 A.2d 943 (Pa.Super. 2000) (holding appellant's failure to cogently explain why trial court abused its discretion or committed error of law constitutes waiver of claim on appeal; this Court cannot act as counsel for appellant and craft argument on her behalf).  **See also In re Ullman**, 995 A.2d 1207 (Pa.Super. 2010), *appeal denied*, 610 Pa. 600, 20 A.3d 489 (2011) (stating although this Court is willing to liberally construe materials filed by *pro se* litigant, *pro se* status confers no special benefit upon appellant; any person choosing to represent herself in legal proceeding must, to reasonable extent, assume her lack of expertise and legal training will be her undoing).

Instantly, Appellant's appellate brief contains only a three-sentence argument section with no citation whatsoever to supporting legal authority. **See** Pa.R.A.P. 2119(a) (stating argument section shall be divided into as many sections as there are questions presented, followed by discussion and citations to pertinent legal authorities).  Appellant's failure to develop her issue on appeal in a meaningful way compels waiver.[2]  **See id.**; **Butler,**

_____

[2] Moreover, the record makes clear Appellant unsuccessfully litigated the same claims against Appellee in at least one prior action.  Thus, the court properly granted Appellee's motion to dismiss under Pa.R.C.P. 233.1.

*supra*.  Accordingly, we affirm.

Order affirmed.  Case is stricken from the argument list.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 10/30/2017