J-A19019-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| JENNIFER PORTALATIN | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| ROOSEVELT MCMILLAN | : | |
| | : | |
| Appellant | : | No. 951 MDA 2021 |

Appeal from the Order Entered June 14, 2021
In the Court of Common Pleas of Dauphin County
Civil Division at No(s):  2021-CV-00604-AB

BEFORE:   BOWES, J., KING, J., and STEVENS, P.J.E.*

JUDGMENT ORDER BY KING, J.:                    **FILED AUGUST 03, 2022**

Appellant, Roosevelt McMillan, appeals from the order entered in the Dauphin County Court of Common Pleas, which granted the petition filed by Appellee, Jennifer Portalatin, under the Protection from Abuse ("PFA") Act, at 23 Pa.C.S.A. §§ 6101-6122.  We dismiss the appeal.

The relevant facts and procedural history of this case are as follows.  On January 25, 2021, Appellee filed a PFA petition against Appellant, alleging Appellant had choked her, punched her in the face, and pointed a firearm at her.  The court held a PFA hearing on June 14, 2021, at the conclusion of which the court entered a final PFA order against Appellant for three years.  Appellant timely filed a notice of appeal on July 14, 2021.  On July 21, 2021,

_____

* Former Justice specially assigned to the Superior Court.

the court ordered Appellant to file a concise statement of errors; Appellant complied.

Appellant raises the following issues on appeal:

> Were Appellant's rights violated when he was prohibited from providing testimony crucial to determining whether a Protection from Abuse Order should be granted?
>
> Were Appellant's rights violated when the [c]ourt failed to prevent witnesses from being coached by the opposing party when it was brought to the attention of the presiding judge?

(Appellant's Brief at 2).

Preliminarily, appellate briefs and reproduced records must materially conform to the requirements of the Pennsylvania Rules of Appellate Procedure. Pa.R.A.P. 2101. "[I]f the defects are in the brief or reproduced record of the appellant and are substantial, the appeal…may be quashed or dismissed." *Id.* *See also* Pa.R.A.P. 2111 (regarding required content of appellate brief).

Importantly, where an appellant fails to properly raise or develop his issues on appeal, or where his brief is wholly inadequate to present specific issues for review, a court will not consider the merits of the claims raised on appeal. *Butler v. Illes*, 747 A.2d 943 (Pa.Super. 2000) (holding appellant waived claim where she failed to set forth adequate argument concerning her claim on appeal; appellant's argument lacked meaningful substance and consisted of mere conclusory statements; appellant failed to cogently explain or even tenuously assert why trial court abused its discretion or made error of law). *See also Lackner v. Glosser*, 892 A.2d 21 (Pa.Super 2006)

(explaining appellant's arguments must adhere to rules of appellate procedure, and arguments which are not appropriately developed are waived on appeal; arguments not appropriately developed include those where party has failed to cite any authority in support of contention); *Estate of Haiko v. McGinley*, 799 A.2d 155 (Pa.Super. 2002) (stating rules of appellate procedure make clear appellant must support each question raised by discussion and analysis of pertinent authority; absent reasoned discussion of law in appellate brief, this Court's ability to provide appellate review is hampered, necessitating waiver of issue on appeal).

Instantly, Appellant's brief on appeal is woefully deficient. The entire brief is less than four pages. Appellant does not provide separate sections for each of the two questions he purports to raise on appeal, in derogation of Rule 2119(a). *See* Pa.R.A.P. 2119(a) (regarding argument section of appellate brief). Appellant does not provide an accurate scope and standard of review or any case citations for this Court's scope and standard of review. *See* Pa.R.A.P. 2111(a)(3). More importantly, Appellant cites no law whatsoever to support his claims. *See* Pa.R.A.P. 2119(a). Consequently, Appellant's issues are waived. *See Lackner, supra*; *Estate of Haiko, supra*; *Butler, supra*. The defects in Appellant's brief preclude meaningful review, warranting suppression of Appellant's brief and dismissal of the appeal. *See* Pa.R.A.P. 2101. Accordingly, we suppress Appellant's brief and dismiss his appeal.

Appeal dismissed.  Case is stricken from the argument list.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 8/3/2022