J-A08004-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| STEPHANIE HESTER-ALLEN | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| HUMAN GOOD AND LINDLEY APT, LP | : | No. 626 EDA 2023 |

Appeal from the Order Entered February 13, 2023
In the Court of Common Pleas of Philadelphia County Civil Division at
No(s):  221201605

BEFORE:  BOWES, J., OLSON, J., and McLAUGHLIN, J.

MEMORANDUM BY BOWES, J.:                    **FILED FEBRUARY 26, 2024**

Stephanie Hester-Allen appeals *pro se* from the order that dismissed her complaint filed against Human Good and Lindley Apartments, LP (collectively "Appellees").  We dismiss this appeal.

We glean the following background from the trial court's opinion. Appellant filed a complaint alleging wrongdoing in relation to a landlord-tenant action litigated in Philadelphia Municipal Court.  More specifically:

> The complaint ma[de] allegations, written in bold type, of lies, harassment, and false evidence, as well as alleging that certain neighbors were "ear mugging" or ea[ves]dropping on her conversations.  [Appellant] attached allegations in the form of paragraphs alleging wrongdoing against individuals not named as defendants.  [Appellant] did not set forth what these neighbors allegedly overheard or what if anything happened as a result.  Nor d[id she] set forth what exact statement of lies and false evidence that were set forth.  [Appellant] further allege[d] that she was illegally evicted from the property.

Trial Court Opinion, 11/27/23, at 2. Along with the complaint, Appellant filed a motion to proceed *in forma pauperis* ("IFP"). Upon review of the complaint and Appellant's IFP petition, the trial court concluded that the complaint was frivolous. Accordingly, it entered an order on February 13, 2023, dismissing Appellant's complaint pursuant to Pa.R.Civ.P. 240.[1] This timely appeal followed.

Appellant filed a brief in this Court that Appellees describe as "a hodgepodge of ramblings that make little sense, and give no clear argument as to what or how the trial court erred." Appellees' brief at 2. Indeed, Appellees urge us to dismiss the appeal based upon the deficiencies in Appellant's brief rather than adjudicate its merits. **Id**.

Upon our examination of Appellant's writing, we find that her failure to abide by the Pennsylvania Rules of Appellate Procedure or develop her issues precludes us from conducting effective review. While Appellant's filing includes headings identifying various Rules generally applicable to an appellant's brief, each section is either left blank or filled with inapt

_____

[1] That rule provides in pertinent part as follows:

> If, simultaneous with the commencement of an action or proceeding or the taking of an appeal, a party has filed a petition for leave to proceed *in forma pauperis*, the court prior to acting upon the petition may dismiss the action, proceeding or appeal if the allegation of poverty is untrue or if it is satisfied that the action, proceeding or appeal is frivolous.

Pa.R.Civ.P. 240(j)(1).

information. In particular, the brief offers no substantial compliance with Pa.R.A.P. 2111(a)(1) (statement of jurisdiction), Pa.R.A.P. 2111(a)(3) (statement of the scope and standard of review), Pa.R.A.P. 2111(a)(4) statement of questions involved), or Pa.R.A.P. 2111(a)(6) (summary of argument).

Additionally, rather than offer a statement of the case as required by Pa.R.A.P. 2111(a)(5), Appellant references her underlying complaint. *See* Appellant's brief at unnumbered 4. Such is prohibited. *See*, *e.g.*, *Franciscus v. Sevdik*, 135 A.3d 1092, 1097 n.6 (Pa.Super. 2016) ("We do not permit parties to incorporate by reference arguments made in other briefs or pleadings."). Finally, Appellant does not attempt to develop any argument in support of any raised claims supported by citations to the record and pertinent legal authority as is required by Pa.R.A.P. 2119(b) and (c). Rather, her entire argument is the following, which we reproduce *verbatim*: "Appellant Argument is that none of these Complaint made by tenant's of 1300 Lindley Apartment LP tInvent and Create to make up for purpose of deception to construct from diverse and usually standardized part[.]" Appellant's brief at unnumbered 4.

It is well-settled that, "although this Court is willing to construe liberally materials filed by a *pro se* litigant, a *pro se* appellant enjoys no special benefit." *Commonwealth v. Tchirkow*, 160 A.3d 798, 804 (Pa.Super. 2017). "A *pro se* litigant must comply with the procedural rules set forth in

- 3 -

the Pennsylvania Rules of the Court." *Smithson v. Columbia Gas of PA/NiSource*, 264 A.3d 755, 760 (Pa.Super. 2021) (cleaned up).

Appellant's noncompliance with the Rules of Appellate Procedure has left this Court unable to conduct meaningful review. *See*, *e.g.*, *Commonwealth v. Gilliam*, 249 A.3d 257, 271 (Pa.Super. 2021) ("It is not the role of this Court to develop Appellant's argument."); *Butler v. Illes*, 747 A.2d 943, 944 (Pa.Super. 2000) ("When issues are not properly raised and developed in briefs, when briefs are wholly inadequate to present specific issues for review, a court will not consider the merits thereof." (cleaned up)); *Smathers v. Smathers*, 670 A.2d 1159 (Pa.Super. 1996) (disposing of appeal without reaching its merits where the appellant "failed to clearly identify, let alone develop, her issues for appeal"). Therefore, we dismiss this appeal without considering its merits. *See* Pa.R.A.P. 2101 ("[I]f the defects are in the brief or reproduced record of the appellant and are substantial, the appeal or other matter may be . . . dismissed").

Appeal dismissed. Oral argument scheduled for March 26, 2024, is cancelled.[2]

---

[2] Accordingly, Appellees' February 22, 2024 Application for Continuance of Oral Argument is denied as moot.

J-A08004-24

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary


Date: 2/26/2024