J-A11005-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| IN RE: ESTATE OF ROBERT M. MUMMA | : : : : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| APPEAL OF: ROBERT M. MUMMA, II | : : : : : : : | |
| | : | No. 1479 MDA 2023 |

Appeal from the Judgment Entered September 25, 2023
In the Court of Common Pleas of Cumberland County Orphans' Court at
No(s):  21-86-0398

BEFORE:  BOWES, J., STABILE, J., and MURRAY, J.

JUDGMENT ORDER BY BOWES, J.:                    **FILED: APRIL 19, 2024**

Robert M. Mumma, II, appeals from the order of September 25, 2023, which granted judgment in favor of Lisa Mumma Morgan upon the parties' cross-motions for judgment on the pleadings.  We dismiss this appeal.

The orphans' court aptly noted that the litigation in this case, initiated in 1986, has "been recounted elsewhere *ad nauseum*[.]" Trial Court Opinion, 9/25/23, at 1.  Briefly, we explained as follows before summarily disposing of a prior appeal:

> Robert M. Mumma died testate over thirty years ago.  The distribution of the assets of his estate has been delayed by numerous lawsuits brought by Appellant, as a *pro se* litigant.  There have been at least sixteen previous appeals filed by Appellant to this Court, and the estimated costs to the estate from Appellant's vexatious and specious lawsuits has been approximately five million dollars.

*In re Estate of Mumma*, 179 A.3d 531, 2017 WL 4351064, at \*1 (Pa.Super. 2017) (unpublished memorandum).

Appellant timely filed this appeal from the court's September 25, 2023 order. From reading his brief, we have no information about what that order did, let alone sufficient facts, history, and legal argument to enable us to adjudicate whether the court's ruling was proper or if any challenges to it were preserved by Appellant for this appeal. Rather, Appellant has proffered a five-page narrative that is wholly divorced from factual and legal context, making no attempt whatsoever to abide by the Pennsylvania Rules of Appellate Procedure. For example, the brief fails to comply with Pa.R.A.P. 2111(a)(1) (statement of jurisdiction), Pa.R.A.P. 2111(a)(3) (statement of the scope and standard of review), Pa.R.A.P. 2111(a)(4) statement of questions involved), or Pa.R.A.P. 2111(a)(6) (summary of argument). Further, Appellant does not attempt to develop any argument in support of any raised claims that is supported by citations to the record and pertinent legal authority as is required by Pa.R.A.P. 2119(b) and (c).

Appellant's noncompliance with the Rules of Appellate Procedure has left this Court unable to conduct meaningful review. *See*, *e.g.*, *Butler v. Illes*, 747 A.2d 943, 944 (Pa.Super. 2000) ("When issues are not properly raised and developed in briefs, when briefs are wholly inadequate to present specific issues for review, a court will not consider the merits thereof." (cleaned up)); *Smathers v. Smathers*, 670 A.2d 1159 (Pa.Super. 1996) (disposing of

appeal without reaching its merits where the appellant "failed to clearly identify, let alone develop, her issues for appeal"). Therefore, we dismiss this appeal without considering its merits. *See* Pa.R.A.P. 2101 ("[I]f the defects are in the brief or reproduced record of the appellant and are substantial, the appeal or other matter may be . . . dismissed.").

Appeal dismissed. Oral argument scheduled for May 7, 2024, is cancelled.[1]


Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary


Date: 04/19/2024

---

[1] Accordingly, Appellant's April 10, 2024 application to consolidate this appeal with his subsequent appeal in this case docketed at 119 MDA 2024 is denied as moot.