J-S21024-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| JAMES MOSLEY | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| TEN PENN CENTER, TEN PENN | : | No. 3372 EDA 2024 |
| CENTER ASSOCIATES, LP, SAP V TEN | : | |
| PENN CENTER NF GP, LLC, | : | |
| STARBUCKS CORPORATION | : | |

Appeal from the Order Entered December 12, 2024
In the Court of Common Pleas of Philadelphia County Civil Division at
No(s): 220200126

BEFORE: KUNSELMAN, J., KING, J., and FORD ELLIOTT, P.J.E.[*]

JUDGMENT ORDER BY KING, J.: **FILED AUGUST 21, 2025**

Appellant, James Mosley, appeals *pro se* from the order entered in the Philadelphia County Court of Common Pleas, dismissing his case prior to trial. We dismiss the appeal.

The relevant facts and procedural history of this matter are as follows. On February 3, 2020, Appellant went to the Starbucks inside Ten Penn Center at 18th and Market Streets in Philadelphia, Pennsylvania. At some point during this visit, Appellant fell forward from a barstool and allegedly hit his nose on a table. On February 1, 2022, Appellant filed a counseled complaint against Ten Penn Center and Appellee Starbucks Corporation. On May 4, 2022, the parties entered into a stipulation to dismiss Ten Penn Center from the matter.

_____

[*] Retired Senior Judge assigned to the Superior Court.

On September 7, 2023, Appellee filed a motion for summary judgment. On November 21, 2023, the trial court entered an order granting summary judgment in favor of Appellee and dismissing all claims against it without prejudice.

On December 11, 2023, Appellant filed a *pro se* notice of appeal, docketed at 3150 EDA 2023. On February 12, 2024, this Court quashed the appeal, as the order dismissing claims against Appellee did not include "with prejudice" language. Thus, the order was neither final nor appealable.

On April 24, 2024, Appellee filed a motion to amend the November 21, 2023 order by adding the words "with prejudice." On July 10, 2024, the court conducted a pretrial hearing and determined that all issues would be addressed on the date scheduled for trial. On December 12, 2024, the parties appeared for trial. However, Appellant had failed to file amended pleadings. As such, there were no claims to submit to a jury, and the court dismissed the case. On December 18, 2024, Appellant filed a *pro se* notice of appeal. On January 3, 2025, the court ordered Appellant to file a Pa.R.A.P. 1925(b) statement of errors complained of on appeal. On January 23, 2025, Appellant timely complied.

Preliminarily, we recognize:

> [A]ppellate briefs and reproduced records must materially conform to the requirements of the Pennsylvania Rules of Appellate Procedure. Pa.R.A.P. 2101. This Court may quash or dismiss an appeal if the appellant fails to conform to the requirements set forth in the Pennsylvania Rules of Appellate Procedure. ***Id.*** Although this Court is willing to

liberally construe materials filed by a *pro se* litigant, *pro se* status confers no special benefit upon the appellant. To the contrary, any person choosing to represent himself in a legal proceeding must, to a reasonable extent, assume that his lack of expertise and legal training will be his undoing.

*In re Ullman*, 995 A.2d 1207, 1211-12 (Pa.Super. 2010), *appeal denied*, 610 Pa. 600, 20 A.3d 489 (2011) (some internal citations omitted). *See also* Pa.R.A.P. 2114-2119 (addressing specific requirements of each subsection of appellate brief). *See also Butler v. Illes*, 747 A.2d 943 (Pa.Super. 2000) (holding appellant waived claim where she failed to set forth adequate argument concerning her claim on appeal; appellant's argument lacked meaningful substance and consisted of mere conclusory statements; appellant failed to cogently explain or even tenuously assert why trial court abused its discretion or made error of law). *See also Lackner v. Glosser*, 892 A.2d 21 (Pa.Super 2006) (explaining appellant's arguments must adhere to rules of appellate procedure, and arguments which are not appropriately developed are waived; arguments not appropriately developed include those where party has failed to cite relevant authority in support of contention).

Instantly, Appellant's brief is completely inadequate as it lacks, *inter alia*, an accurate statement of the relevant order from which his appeal was taken, the necessary statement of jurisdiction, relevant scope and standard of review, statement of questions presented,[1] summary of the argument, and

_____

[1] Although Appellant's brief includes a section titled "Statement of Questions Presented," the statement reads:

*(Footnote Continued Next Page)*

any cogent argument section. ***See*** Pa.R.A.P. 2111(a) (discussing required content of appellate briefs). ***See also Smathers v. Smathers***, 670 A.2d 1159 (Pa.Super. 1996) (stating noncompliance with Rule 2116 is particularly grievous because statement of questions involved defines specific issues for review). These substantial defects preclude our review, warranting suppression of Appellant's brief and dismissal of the appeal. ***See In re Ullman, supra***; ***Lackner, supra***; ***Butler, supra***. Accordingly, we suppress Appellant's brief and dismiss this appeal.

Appeal dismissed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 8/21/2025

_____

(1) Wrong date of incident (misleading the court)

(A) Impact of factual basis misleading the court:

(2) False Incident Report

(Appellant's Brief at 3). This is woefully inadequate to decipher any issues Appellant wishes to raise, particularly where his argument section consists entirely of "exhibits" and handwritten notes regarding each exhibit, without further citation to authority or coherent development of any argument. ***See*** Pa.R.A.P. 2119(a) (stating argument shall be divided into as many parts as there are questions to be argued followed by such discussion and citation of authorities as are deemed pertinent).