J-A19011-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| S.A.W. A/K/A S.A.M. | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| K.D.S. | : | |
| | : | |
| Appellant | : | |
| _____ | : | |
| | : | |
| K.D.S. | : | |
| | : | |
| Appellant | : | |
| | : | |
| v. | : | |
| | : | |
| S.A.W. A/K/A S.A.M. | : | No. 463 MDA 2018 |

Appeal from the Order Entered February 28, 2018
In the Court of Common Pleas of Cumberland County
Civil Division at No(s):  2009-2084,
2014-4398

BEFORE:  GANTMAN, P.J., NICHOLS, J., and FORD ELLIOTT, P.J.E.

JUDGMENT ORDER BY GANTMAN, P.J.:　　　　　　　**FILED JULY 30, 2018**

Appellant, K.D.S. ("Father"), appeals *pro se* from the order entered in the Cumberland County Court of Common Pleas, which denied Father's contempt petition and granted the petition for special relief of Appellee, S.A.W. A/K/A S.A.M. ("Mother"), in this custody action.  The parties are the natural parents of K.D.S., a minor ("Child").  Since 2009, Mother has had primary physical custody of Child, and the parties have shared legal custody of Child, pursuant to several custody orders.  On September 27, 2016, the court entered a modified custody order, limiting Father's partial physical custody of

Child to supervised visitation until Father completed a psychiatric evaluation. Subsequently, Father filed against Mother a *pro se* petition for contempt on September 19, 2017, and Mother filed a petition for special relief on November 28, 2017. On February 28, 2018, following a hearing, the court denied Father's contempt petition and granted Mother's petition for special relief. Father timely filed a *pro se* notice of appeal on March 16, 2018, but failed to file a contemporaneous statement of errors complained of on appeal, pursuant to Pa.R.A.P. 1925(a)(2)(i) and (b). On April 13, 2018, Father filed a *pro se* Rule 1925 statement.

Preliminarily, appellate briefs must conform in all material respects to the briefing requirements in the Pennsylvania Rules of Appellate Procedure. Pa.R.A.P. 2101. When an appellant fails to raise or develop his issues on appeal properly, or where his brief is wholly inadequate to present specific issues for review, this Court can decline to address the appellant's claims on the merits. ***Butler v. Illes***, 747 A.2d 943 (Pa.Super. 2000). ***See also Lackner v. Glosser***, 892 A.2d 21 (Pa.Super. 2006) (explaining arguments must adhere to rules of appellate procedure and arguments which are not appropriately developed are waived; arguments not appropriately developed include those where party has failed to cite authority to support contention); ***Estate of Haiko v. McGinley***, 799 A.2d 155 (Pa.Super. 2002) (stating appellant must support each question raised by discussion and analysis of pertinent authority; absent reasoned discussion of law in appellate brief,

appellant hampers this Court's review and risks waiver). This Court is willing to construe materials of a *pro se* litigant liberally, but *pro se* status confers no special benefit upon the appellant. **Wilkins v. Marsico,** 903 A.2d 1281, 1284-85 (Pa.Super. 2006), *appeal denied*, 591 Pa. 704, 918 A.2d 747 (2007).

Instantly, Father presents about 29 issues combined into one argument section in his handwritten appellate brief. **See** Pa.R.A.P. 2119(a) (stating argument section shall be divided into as many sections as there are questions presented, followed by discussion and citations to pertinent legal authorities). Father's brief consists of a rambling, incoherent, and at times illegible recitation of his "spin" on the facts and procedural history. Although Father provides a list of statutes and federal case citations, he fails to discuss and apply those authorities to the current case. Father's failure to develop his issues on appeal into a cogent argument prevents meaningful review of his claims and constitutes waiver.[1] **See id.**; **Butler, supra**. Accordingly, we affirm. **See generally In re K.L.S.**, 594 Pa. 194, 197 n.3, 934 A.2d 1244, 1246 n.3 (2007) (stating where issues are waived on appeal, we should affirm rather than quash appeal).

Order affirmed. Case is stricken from the argument list.

---

[1] We note, Father raised only 10 of his claims in his Rule 1925 statement. Therefore, the majority of Father's issues on appeal are waived for that reason as well. **See Lineberger v. Wyeth**, 894 A.2d 141 (Pa.Super. 2006) (providing issues not raised in Rule 1925 concise statement of errors will be deemed waived); **In re L.M.**, 923 A.2d 505 (Pa.Super. 2007) (applying Rule 1925 waiver standards in family law context).

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 07/30/2018