J-S73014-18

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| | | |
|---|---|---|
| P.S. AND R.S. | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| R.K., JR. | : | |
| | : | |
| v. | : | |
| | : | |
| J.M.K. | : | |
| | : | |
| | : | |
| APPEAL OF: R.K., JR. AND J.M.K. | : | No. 807 WDA 2018 |

Appeal from the Order Dated May 8, 2018
In the Court of Common Pleas of Erie County
Civil Division at No(s): 11195-2016

| | | |
|---|---|---|
| P.S. AND R.S. | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| R.K., JR. | : | |
| | : | |
| v. | : | |
| | : | |
| J.M.K. | : | |
| | : | |
| | : | |
| APPEAL OF: R.K., JR., AND J.M.K. | : | No. 1084 WDA 2018 |

Appeal from the Order Entered July 24, 2018
In the Court of Common Pleas of Erie County
Domestic Relations at No(s): No. 11195-2016

BEFORE: GANTMAN, P.J., BENDER, P.J.E., and OLSON, J.

MEMORANDUM BY GANTMAN, P.J.:           FILED DECEMBER 31, 2018

Appellants, R.K., Jr. ("Father") and J.M.K. ("Stepmother"), appeal pro

se from the orders entered in the Erie County Court of Common Pleas, which

(1) denied Appellants' petition to terminate the partial custody of Appellees, P.S. and R.S. (maternal "Grandparents"), and (2) granted Appellees' petition for contempt for Appellants' failure to comply with several prior custody orders in effect concerning J.K. ("Child"). We affirm.

The relevant facts and procedural history of this case involve an ongoing custody dispute between Child's Father and Stepmother versus Child's maternal Grandparents, who are the parents of Child's deceased mother. On November 14, 2016, Grandparents filed two actions: (1) a complaint for custody, and (2) a petition for special relief in anticipation of Father's impending incarceration for DUI and related charges. On the petition for special relief, the court gave Grandparents primary physical custody of Child while Father was imprisoned. Upon Father's release, Grandparents were to continue with primary physical custody of Child, and Father was to have partial custody according to a schedule. On the custody action, the parties failed to reach an agreement, so it was referred to a custody trial. When Father was released from prison, he filed a petition for special relief seeking primary physical custody of Child, and Stepmother filed a petition to intervene. The court held a hearing on Father's petition for special relief and entered an order on December 22, 2016, providing Child would live primarily with Father and Stepmother. The court also granted Stepmother intervenor status on January 4, 2017.

The court held a trial in the custody action on July 25, 2017. On August

3, 2017, the court granted Father and Stepmother primary physical custody of Child and gave Grandparents partial custody on the first and third weekends of every month. Father and Stepmother filed a counseled petition for special relief on February 27, 2018, to suspend Grandparents' periods of partial custody because of allegations of their physical and emotional abuse of Child. The next day, the court scheduled a hearing for March 9, 2018, and suspended Grandparents' periods of custody pending the hearing. Following the hearing, the court decided to continue suspension of Grandparents' custody periods pending an OCY investigation into the abuse allegations. OCY concluded the allegations were unfounded. On April 30, 2018, Grandparents filed a motion to reinstate their periods of custody per the August 3, 2017 custody order. On May 4, 2018, the court reinstated Grandparents' partial custody beginning on May 18, 2018.

Father and Stepmother did not move for reconsideration of the May 4, 2018 order. Instead, on May 7, 2018, Father and Stepmother filed a second petition for special relief to terminate Grandparents' periods of partial custody citing the same allegations as in their previous pleadings. The court denied Father's and Stepmother's petition on May 8, 2018, without a hearing. On May 16, 2018, Father and Stepmother filed a motion for reconsideration of the May 8, 2018 order, which the court denied on the same day, repeating that the parties were to follow the original August 3, 2017 custody order. As a result, Father and Stepmother filed a petition for custody modification on

May 18, 2018. Meanwhile, Father and Stepmother refused to allow Grandparents to resume custody. So, Grandparents filed a petition for contempt on May 21, 2018.

On May 31, 2018, Father and Stepmother filed a notice of appeal from the May 8, 2018 order. On May 31, 2018, Father and Stepmother also filed another petition for special relief based on the same complaints as previously raised. On June 15, 2018, Grandparents were to have 17 days of uninterrupted custody of Child, but Father and Stepmother again refused to allow it. On June 18, 2018, the court scheduled a contempt hearing for July 23, 2018, and amended the custody order to provide that Grandparents shall not physically discipline Child. The contempt hearing occurred on July 23, 2018, as scheduled. Following the contempt hearing, the court issued an order on July 24, 2018, finding Father and Stepmother in contempt of the prior custody orders. The court awarded reasonable attorney's fees in favor of Grandparents as a sanction, and also gave them make-up visitation.

On July 30, 2018, Father and Stepmother filed a pro se notice of appeal from the July 24, 2018 contempt order. On August 7, 2018, the court ordered Father and Stepmother to file a concise statement of errors complained of on appeal, pursuant to Pa.R.A.P. 1925. On August 14, 2018, this Court consolidated the two appeals sua sponte, and on August 27, 2018, Father and Stepmother filed their Rule 1925 statement.

Father and Stepmother raise the following issues for our review:

1. DID THE TRIAL COURT VIOLATE [APPELLANTS'] 14TH AMENDMENT CONSTITUTIONAL RIGHTS WHEN IT DENIED APPELLANTS/PARENTS A HEARING OR TO FULLY ADDRESS THE PHYSICAL AND EMOTIONAL HARM TO A MINOR CHILD?

2. DID THE TRIAL COURT ERR BY VIOLATING THE 14TH AMENDMENT CONSTITUTIONAL RIGHT OF THE DUE PROCESS RIGHTS OF PARENTS AS TO THIRD PARTIES [REGARDING] THE CARE, CUSTODY AND CONTROL OF THEIR CHILDREN?

3. DID THE TRIAL COURT ERR IN NOT RECOGNIZING THE INTERFERENCE OF THE PARENT/CHILD RELATIONSHIP VIOLATIONS 23 PA.C.S. § 5328(C)(1)(II)?

4. DID THE TRIAL COURT ERR ON WHETHER TO GRANT PARTIAL CUSTODY TO A THIRD PARTY, PURSUANT TO 23 PA.C.S. § 5328(C)(1)(III)?

5. DID THE TRIAL COURT ERR WHEN IT SAID THAT [IT KNOWS] BETTER THAN THE "FIT" PARENTS...WHAT IS IN THE BEST INTEREST OF THE CHILD?

6. DID THE TRIAL COURT ERR IN NOT RECOGNIZING THAT THE COURT ORDER HAD ORIGINALLY BEEN PUT IN PLACE BY MUTUAL AGREEMENT AND THERE WAS NEVER A PETITION FOR GRANDPARENT RIGHTS?

(Father's and Stepmother's Brief at 5-6).

Notwithstanding the list of issues presented, Father and Stepmother present two fundamental arguments on appeal.[1] First, they claim the trial

_____

[1] Issues three and four presume the May 8, 2018 and July 24, 2018 orders on appeal are custody orders which require analysis under 23 Pa.C.S.A. § 5328. To the contrary, the orders on appeal pertain to (a) the denial of Father's and Stepmother's serial petition to terminate Grandparents' partial custody rights under the August 3, 2017 custody order, and (2) the order finding Father and Stepmother in contempt of the court's prior custody orders. The orders on appeal did not modify custody as defined in the August 3, 2017 custody order.

court should have held a hearing on their May 7, 2018 serial petition to terminate Grandparents' partial custody rights before summarily denying relief by order of May 8, 2018. Father and Stepmother contend the lack of a hearing on their petition was a violation of their constitutional due process rights, where the petition contained evidence and information to show how Grandparents have interfered with the parent-child relationship and have subjected Child to physical and emotional abuse.

Next, Father and Stepmother insist the trial court should not have found them in contempt of the prior custody orders. Father and Stepmother maintain that they were justified in denying Grandparents access to Child despite the orders, due to concerns of Grandparents' alleged physical and emotional abuse of Child. Father and Stepmother assert that forcing them to adhere to the custody orders violates their 14th Amendment due process rights to control parental custody and care of Child as against third parties. Father and Stepmother conclude this Court should reverse the May 8, 2018 order denying their serial petition to terminate Grandparents' partial custody rights and the July 24, 2018 contempt order. We disagree.

Preliminarily, appellate briefs must conform in all material respects to the briefing requirements in the Pennsylvania Rules of Appellate Procedure.

_____

Likewise, issues five and six appear to challenge the final August 3, 2017 custody order, which Father and Stepmother did not appeal. Therefore, we will give issues three through six no further attention.

Pa.R.A.P. 2101. When an appellant fails to raise or develop the issues on appeal properly, or where the brief is wholly inadequate to present specific issues for review, this Court can decline to address the appellant's claims on the merits. Butler v. Illes, 747 A.2d 943 (Pa.Super. 2000). See also Lackner v. Glosser, 892 A.2d 21 (Pa.Super. 2006) (explaining arguments must adhere to rules of appellate procedure and arguments which are not appropriately developed are waived; arguments not appropriately developed include those where party has failed to cite relevant authority to support contention); Estate of Haiko v. McGinley, 799 A.2d 155 (Pa.Super. 2002) (stating appellant must support each question raised by discussion and analysis of pertinent authority; absent reasoned discussion of law in appellate brief, appellant hampers this Court's review and risks waiver). This Court is willing to construe materials of a pro se litigant liberally, but pro se status confers no special benefit upon the appellant. Wilkins v. Marsico, 903 A.2d 1281, 1284-85 (Pa.Super. 2006), appeal denied, 591 Pa. 704, 918 A.2d 747 (2007).

Our standard of review for a civil contempt order is as follows:

> When considering an appeal from an [o]rder holding a party in contempt for failure to comply with a court [o]rder, our scope of review is narrow: we will reverse only upon a showing the [trial] court abused its discretion. The [trial] court abuses its discretion if it misapplies the law or exercises its discretion in a manner lacking reason. To be in contempt, a party must have violated a court [o]rder, and the complaining party must satisfy that burden by a preponderance of the evidence.

- 7 -

Harcar v. Harcar, 982 A.2d 1230, 1234 (Pa.Super. 2009) (internal citations omitted); Mrozek v. James, 780 A.2d 670, 673 (Pa.Super. 2001) (stating same). Additionally, this Court has stated:

> Each court is the exclusive judge of contempts against its process. The contempt power is essential to the preservation of the court's authority and prevents the administration of justice from falling into disrepute. When reviewing an appeal from a contempt order, the [appellate] court must place great reliance upon the discretion of the trial judge.

Langendorfer v. Spearman, 797 A.2d 303, 307 (Pa.Super. 2002).

Section 5323 of the Pennsylvania Code governs punishment for contempt in custody actions as follows:

> § 5323. Award of custody
>
> *    *    *
>
> (g)  Contempt for noncompliance with any custody order.—
>
> > (1) A party who willfully fails to comply with any custody order may, as prescribed by general rule, be adjudged in contempt. Contempt shall be punishable by any one or more of the following:
> >
> > > (i)   Imprisonment for a period of not more than six months.
> > >
> > > (ii)  A fine of not more than $500.
> > >
> > > (iii) Probation for a period of not more than six months.
> > >
> > > (iv) An order for nonrenewal, suspension, or denial of operating privilege under section 4355 (relating to denial or suspension of licenses).

(v)  Counsel fees and costs.

(2)  An order committing an individual to jail under this section shall specify the condition which, when fulfilled, will result in the release of that individual.

23 Pa.C.S.A. § 5323(g).  To sustain a finding of civil contempt involving a custody order, this Court has stated:

[T]he complainant must prove certain distinct elements by a preponderance of the evidence: (1) that the contemnor had notice of the specific order or decree which [the contemnor] is alleged to have disobeyed; (2) that the act constituting the contemnor's violation was volitional; and (3) that the contemnor acted with wrongful intent.

Harcar, supra at 1235.  An alleged contemnor must have the opportunity to explain the non-compliance with the court order, as intent is an essential element of contempt.  Nemeth v. Nemeth, 451 A.2d 1384, 1387 (Pa.Super. 1982).

Instantly, Father and Stepmother raise constitutional due process claims but cite to broad, generic law only.  Father and Stepmother fail to refer to specific law to support their claim that they were entitled to a new hearing on their May 7, 2018 serial petition to terminate Grandparents' partial custody. Father's and Stepmother's failure to develop their due process issue on appeal with cogent argument and applicable law prevents meaningful review and constitutes waiver of their claim.  See Lackner, supra; Butler, supra. Moreover, the record demonstrates that the bases for the May 7, 2018 petition were the same allegations which the court had already addressed and denied. Therefore, absent new evidence or claims, the court was not required to hold

an additional hearing simply because Father and Stepmother filed another petition. Even if properly presented, Father and Stepmother failed to demonstrate the court erred in denying without a hearing their May 7, 2018 petition to terminate Grandparents' partial custody.

With respect to the contempt order, the focus of Father's and Stepmother's argument is solely on the finding of contempt. In that regard, Father and Stepmother had notice of the custody orders they disregarded, which are clear and unambiguous. Father and Stepmother continually denied Grandparents access to Child, though they had no legally cognizable reasons to do so. Father and Stepmother acted willingly and with the intent to deny Grandparents any custody of Child. As a result, the trial court was justified in finding Father and Stepmother in contempt of the custody orders. See Harcar, supra; Langendorfer, supra. The record supports the court's decisions, and we see no reason to disturb them. Accordingly, we affirm.

Orders affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/31/2018