Nancy J. SIGNORA, Individually and on Behalf of a Class, Appellee,

v.

LIBERTY TRAVEL, INC. and Barry S. Kaplan, Appellant.

Nancy J. Signora, Individually and on Behalf of a Class, Appellant,

v.

Liberty Travel, Inc. and Barry S. Kaplan, Appellee.

Superior Court of Pennsylvania.

Argued Dec. 2, 2003.

Filed March 22, 2004.

Joseph B.G. Fay, Philadelphia, for Liberty Travel and Kaplan.

Andrew J. Reilly, Delaware, for Signora.

BEFORE: DEL SOLE, P.J., MUSMANNO and TAMILIA, JJ.

OPINION BY DEL SOLE, P.J.:

¶ 1 Presented for our review are an appeal and a cross-appeal from an order granting in part "Plaintiff's Emergency Petition for Injunctive Relief to Enjoin Defendants from Proceeding in the New Jersey Lawsuit." We affirm the court's order and remand for further action.

¶ 2 The procedural history of this matter is lengthy and complicated. It can be summarized in its most basic sense as follows. In 1995, Nancy Signora[1] individually and on behalf of members of a class (Plaintiffs) filed an action against Liberty Travel, Inc. and Barry S. Kaplan (Defendants). The complaint made claims for wrongful discharge and for violations of the Pennsylvania Minimum Wage Act and the Pennsylvania Wage Payment and Collection Law. A default judgment was later obtained based upon Defendants' failure to respond. Defendants filed a Petition to Open the Default Judgment, which was denied. A subsequent Motion for Reconsideration alleged that Plaintiffs' counsel had agreed in writing to an extension of time for the filing of Defendants' Answer and that despite this agreement a default judgment was entered. After an evidentiary hearing was held on the matter, the trial court denied Defendants' motion. This court affirmed the court's order on appeal. *Signora v. Liberty Travel, Inc.*, 718 A.2d 355 (Pa.Super.1998). Sometime later Defendants filed a Petition for Relief from Default Judgment. It was denied and Defendants' appeal of the matter was quashed with the court referring to the doctrine of *res judicata* and ruling that: "Appellants cannot now seek again to open the default judgment which was final in 1998." *Signora v. Liberty*, 298 EDA 2000, memorandum opinion at 4, 769 A.2d 1218 (Pa.Super. filed December 4, 2000). The Supreme Court of Pennsylvania later denied a petition of allowance of appeal.

¶ 3 In May of 2000, Defendants brought an action in the Superior Court of New Jersey, Essex County, against their own prior counsel as well as the law firm which represented Plaintiffs and its employee. An amended complaint followed, alleging

1. Now Nancy J. Signora Borcky.

breach of contract and misrepresentation claims against Plaintiffs, their counsel and its employee and seeking, among other relief, a declaratory judgment finding that Plaintiffs are not entitled to the default judgment. In connection with this action, Defendants filed a "Motion for Final Equitable Relief and/or Specific Performance to Enjoin Prosecution of the Pennsylvania Action Unless Nancy Signora Consents to Open the Default Judgment." In response to the New Jersey action, Plaintiffs filed a petition with the trial court captioned: "Emergency Petition for Injunctive Relief to Enjoin Defendant's from Proceeding in the *New Jersey Lawsuit.*" The trial court entered an order disposing of Plaintiffs' petition which reads in relevant part:

> [I]t is **ORDERED** and **DECREED** that the said Motion will be, and hereby is, **GRANTED** in part. The Defendants, Liberty Travel, Inc. and Barry S. Kaplan, are henceforth **ENJOINED** from taking, initiating, prosecuting or pursuing in the courts of the state of New Jersey, or in the courts of any other foreign state, any action intended and/or designed to result in the vacating of the Default Judgment entered and upheld against the Defendants by the courts of this Commonwealth in the above-captioned cause of action. Plaintiff's Emergency Petition is **DENIED** in all other parts.

Order of Court, 7/15/02.

¶ 4 Both Plaintiffs and Defendants filed appeals from the trial court order. Defendants in their Brief to this Court on their appeal at No. 2970 EDA 2002 do not set forth any issues or argument in support of their appeal. Rather they assert the "appeal is moot." Defendants' Brief at 5. They contend the trial court proceeding sought to enjoin them from seeking certain relief in New Jersey because it would interfere with the trial of the underlying action. However because that trial has since taken place and a jury rendered a verdict awarding compensatory and punitive damages, Defendants acknowledge the current appeal is moot, and make no argument in support of the appeal. Accordingly, on appeal No. 2970 EDA 2002, we affirm. *Butler v. Illes,* 747 A.2d 943 (Pa.Super.2000) (a court will not consider the merits of issues which are not properly raised and developed in briefs).

¶ 5 Plaintiffs' appeal is docketed at 2971 EDA 2002. Plaintiffs complain that the trial court erred by not granting the entire injunctive relief they sought. Plaintiffs sought to have the court enjoin Defendants from proceeding with the breach of contract and fraud claims against Plaintiffs' counsel and its employee, arguing the issues on which they were based had already been determined by the courts of this Commonwealth. Plaintiffs' Brief at 16.

¶ 6 We conclude the trial court's order was proper in its scope. The trial court in its opinion at pages 21–22 provides sound rationale for its ruling which is supported by the law. For the reasons expressed therein, we affirm its ruling.

¶ 7 We remand only to instruct the court to modify its order to include a prohibition against Defendants seeking relief in the Courts of New Jersey or elsewhere which may seek to prohibit Plaintiffs' attorney from acting on behalf of Plaintiffs in any Pennsylvania proceedings.[2]

¶ 8 Order affirmed. Case remanded with instructions. Jurisdiction relinquished.

---

**2.** We note that at this juncture the question of the *res judicata* effect of the Pennsylvania decision which rejected the fraud claim made by Defendants is not before us.