J-A26010-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| VENEESA, INC., JOSEPH VENTRESCA, AND KATHLEEN VENTRESCA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| Appellants | : | |
| | : | |
| v. | : | |
| | : | No. 505 EDA 2021 |
| THOMAS STEVENSON | : | |

Appeal from the Order Entered February 17, 2021
In the Court of Common Pleas of Bucks County Civil Division at No(s):
No. 2007-07016

BEFORE:  BOWES, J., STABILE, J., and McCAFFERY, J.

MEMORANDUM BY BOWES, J.:                    **FILED FEBRUARY 8, 2022**

Veneesa, Inc. ("Veneesa") and Joseph and Kathleen Ventresca (collectively "Appellants") appeal from the February 17, 2021 order denying their request for an injunction pursuant to Pa.R.C.P. 1531 that would have prohibited Thomas Stevenson ("Stevenson") from prosecuting a separate civil suit in the Court of Common Pleas of Philadelphia County.  We affirm.

The factual and procedural history of the instant case was set forth at length in a prior memorandum of this Court.  ***See Veneesa, Inc. v. Stevenson, et al.***, 237 A.3d 491 (Pa.Super. 2020) (non-precedential decision at 1-3).  In pertinent part, Stevenson was a corporate officer of Veneesa.  He was named as one of several defendants in a civil complaint filed by Appellants in August 2007, which described an "embezzlement scheme spanning years"

and alleged Stevenson had "misappropriated the funds and assets of Veneesa for his own personal benefit." *Id*. at 2. Stevenson filed counterclaims alleging that he was entitled to $400,000 in unpaid profit-sharing and also asked for an additional $500,000 in compensatory and punitive damages for allegedly slanderous statements made by Joseph Ventresca. Stevenson's Answer, New Matter and Counterclaims, 10/4/07, at ¶¶ 140-171. Thereafter, the parties engaged in approximately eleven years of contentious litigation. Stevenson also faced criminal prosecution, wherein he "pled guilty to conspiracy to receive stolen property and theft by unlawful taking, and agreed to pay $516,696.32 in restitution." *Veneesa*, *supra* at 2.

It is undisputed amongst the parties that Stevenson had a twenty-five percent ownership stake in Veneesa during his employment tenure. *See* Appellants' Response to Motion *In Limine*, 4/26/18, at 1-4. In a pre-trial motion *in limine*, Stevenson argued he should be entitled to twenty-five percent of any judgment entered in favor of Veneesa in the above-captioned case. This request was denied without prejudice and deferred until the time of trial by the court. *See* Order, 8/15/18, at 1.

The current controversy centers upon the extensive pre-trial negotiations amongst the parties, which largely appears to have taken place in the trial court's chambers and were not transcribed. Thus, no precise record of these discussions exists. Appellants claim that, during the course of this dialogue, Stevenson accepted civil liability in the amount of his

- 2 -

aforementioned restitution order and "agreed to drop all claims, counterclaims, and/or cross claims against all parties" in exchange for Appellants withdrawing all claims against his wife, Terri Stevenson. *See* Appellants' Motion for Post-Trial Relief, 10/9/18, at ¶ 21(2). Concomitantly, Appellants assert that all relevant parties agreed "to drop any claims, counterclaims, and/or cross claims against the Stevensons and Terri Stevenson [agreed] not to sue [Appellants] under any circumstances." *Id*. at ¶ 21(3). The only corroboration of these claims is an October 3, 2018 trial court order, which provides as follows:

> IT IS HEREBY ORDERED, this 1st day of October, 2018, Thomas and Terri Stevenson will not appear on the caption or on the verdict slip and a statement will be made to the jury indicating that in a prior hearing, Thomas Stevenson had been ordered to pay restitution to [Appellants] in the amount of $516,696.32. Further, as there is no evidence against Terri Stevenson, the jury is informed that she has been dismissed from this case, and Terri Stevenson will not sue [Appellants] pursuant to agreement of all counsel to the parties.

Order, 10/3/18, at 1 (cleaned up; emphasis omitted).

A jury trial was held from September 24 through October 2, 2018. Neither Appellants' claims against Stevenson nor Stevenson's counterclaims against Appellants appeared on the verdict slip. The only mention of Stevenson on the verdict slip was the following statement: "It has already been determined that [Stevenson] is liable to [Appellants] in the amount of $516,696.32." Verdict Slip, 10/2/18, at 1. The jury did not issue any findings or assign damages in connection with the claims implicating Stevenson.

The parties filed petitions for post-trial relief that culminated in an omnibus order. **See** Order, 10/29/18, at 1-2. Thereafter, Appellants filed the aforementioned appeal and the trial court entered judgment on behalf of the various parties, which did not include Stevenson. **See** Order, 1/18/19, at ¶¶ 1-2. While the appeal in **Veneesa** was pending, Appellants filed a *praecipe* for the entry of a judgment against Stevenson in the amount of $516,696.32, which was issued. Following an application from Stevenson, the trial court struck the judgment in anticipation of this Court's adjudication in **Veneesa**. **See** Order, 4/11/19, at 1. On May 27, 2020, we affirmed the jury's verdict. In response, the trial court filed an order permitting Appellants to re-file for a judgment against Stevenson. **See** Order, 6/26/20, at ¶ 3.

Appellants sought and were granted a second judgment against Stevenson in the same amount. Stevenson filed another motion to strike, arguing that the judgment was illusory. **See** Motion to Strike, 7/7/20, at ¶ 5(w) ("[T]here was no verdict entered against Thomas Stevenson."). The trial court issued a rule to show cause as to why Stevenson's motion to strike should not be granted. Appellants responded that Stevenson was attempting to circumvent the agreement it described in its post-trial motions. **See** Appellants' Reply to Rule to Show Cause, 7/30/20, at 23-25. The trial court did not issue an order concerning its rule to show cause prior to this appeal.

Contemporaneously, Stevenson filed a separate civil action in the Court of Common Pleas of Philadelphia County on January 8, 2020. **See** Appellants'

Motion for Temporary Restraining Order, 7/30/20, at Exhibit 1. Therein, Stevenson averred that he still possessed a twenty-five percent ownership interest in Veneesa, whose operations he claimed had been transferred "without interruption" to two successor corporations: (1) The Joseph Ventresca Group Builders & Renovators, LLC; and (2) JVBG, LLC. *Id*. at ¶¶ 1-9. Stevenson argued that these actions were taken to "deprive [him] of his portion of corporate profits to which he was entitled[.]" *Id*. at ¶ 15. Thus, he requested an accounting, along with damages.

In the above-captioned case, Appellants filed a petition for an injunction, which asserted that Stevenson had previously surrendered the claims raised in his Philadelphia complaint by agreement in this case. Accordingly, Appellant requested that the trial court issue "an immediate emergency injunction prohibiting Stevenson from pursuing any claims or relief in the Philadelphia Court of Common Pleas or any other court until this Court concludes the matters before it relevant to [Appellants] and [Stevenson]." Emergency Motion for Special Relief Per Pa.R.C.P. 1531, 2/14/21, at 11. On February 17, 2021, the trial court denied the requested injunction.

Appellants filed a timely appeal.[1] Both Appellants and the trial court have complied with their obligations pursuant to Pa.R.A.P. 1925.

---

[1] The trial court's order denying the injunction sought by Appellants is interlocutory and appealable as of right. *See* Pa.R.A.P. 311(a)(4) ("An appeal may be taken as of right and without reference to Pa.R.A.P. 341(c) from an
*(Footnote Continued Next Page)*

Appellants have presented a single question for our consideration:

> When victims of theft are awarded restitution in the criminal court in one county (Bucks County) and then prevail in civil litigation against the same criminal in the same county, is it an abuse of discretion and an error of law for the court in that county to deny the victims of crime and victors in the civil litigation an injunction to prevent the criminal/unsuccessful civil litigant from relitigating the same claims in a different county (*i.e.*, Philadelphia)?

Appellants' brief at 4.

Appellants' petition arises under Pennsylvania Rule of Civil Procedure 1531, which empowers courts to issue "preliminary or special" injunctions to prevent "immediate and irreparable injury." **See** Pa.R.C.P. 1531(a). A preliminary injunction is "intended to preserve the *status quo* and prevent imminent and irreparable harm that might occur before the merits of the case can be heard and determined." **Lindeman v. Borough of Meyersdale**, 131 A.3d 145, 151 (Pa.Cmwlth. 2015). By contrast, our Supreme Court has described a "special injunction" as granting "relief which is auxiliary to the main relief requested in the complaint." **Matter of Franklin Twp. Bd. of Sup'rs**, 379 A.2d 874, 879 (Pa. 1977). Additionally, "[a] special injunction may be asked for during the pendency of an equity action, and it may be granted at any stage of the proceedings, whenever it is necessary to preserve

---

order that grants **or denies** . . . an injunction[.]" (emphasis added)). Thus, our jurisdiction in this case is proper. **See Petry v. Tanglwood Lakes, Inc.**, 522 A.2d 1053, 1055 n.3 ("[A]n order refusing injunctions, although interlocutory, is now appealable as right.").

the *status quo*." ***Turner Const. v. Plumbers Local 690***, 130 A.3d 47, 53 n.6 (Pa.Super. 2015).

While Rule 1531 "expressly recognizes special injunctions, the rule does not define the term or differentiate it from a preliminary injunction." ***Id***. As a practical matter, "because of the many similarities between preliminary and special injunctions, the two types tend to merge into one and the words are used interchangeably." ***Hendricks v. Hendricks***, 175 A.3d 323, 329 n.9 (Pa.Super. 2017). Moreover, "the Pennsylvania Rules of Civil Procedure treat them exactly alike." ***Id***. Thus, while Appellants have neglected to explicitly identify the type of injunction sought, the distinction is immaterial in this case.

In reviewing a trial court's disposition of a preliminary or special injunction, "an appellate court is to conduct a searching inquiry of the record" in a manner that is "highly deferential" to the trial court's findings. ***Id***. at 330. Our standard of review is, as follows:

> When reviewing a trial court's grant or refusal of a preliminary injunction, an appellate court does not inquire into the merits of the controversy, but rather examines only the record to ascertain whether any apparently reasonable grounds existed for the action of the court below. We may reverse if the trial court's ruling amounted to an abuse of discretion or a misapplication of law.

***Id***. The scope of our review is plenary. ***Id***.

It is well-established that "[a] trial court may grant an injunction only if the plaintiff seeking that extraordinary remedy establishes a clear right to the requested relief." ***WPNT Inc. v. Secret Communication Inc.***, 661 A.2d

409, 410 (Pa.Super. 1995). Specifically, a party seeking the entry of a preliminary or special injunction has the burden of establishing:

> 1) that the injunction is necessary to prevent immediate and irreparable harm that cannot be adequately compensated by damages; 2) that greater injury would result from refusing an injunction than from granting it, and, concomitantly, that issuance of an injunction will not substantially harm other interested parties in the proceedings; 3) that a preliminary injunction will properly restore the parties to their status as it existed immediately prior to the alleged wrongful conduct; 4) that the activity it seeks to restrain is actionable, that its right to relief is clear, and that the wrong is manifest, or, in other words, must show that it is likely to prevail on the merits; 5) that the injunction it seeks is reasonably suited to abate the offending activity; and, 6) that a preliminary injunction will not adversely affect the public interest.

*Warehime v. Warehime*, 860 A.2d 41, 46-47 (Pa. 2004) (cleaned up). Therefore, "[w]e will find that a trial court had apparently reasonable grounds for its denial of injunctive relief where the trial court has properly found that any one of the [foregoing] essential prerequisites for a preliminary injunction is not satisfied." *Id*. at 46 (citing *Summit Towne Centre, Inc. v. Shoe Show of Rocky Mount, Inc.*, 828 A.2d 995, 1000 (Pa. 2003)).

Here, the injunction requested by Appellants concerned restraint of litigation. As a general matter, this type of injunctive relief is cognizable under the venerable case law of our Commonwealth:

> If suits may be perpetually brought to litigate the same questions between the same parties, or their privies, as often as either should choose, it is obvious that remedial justice would become a mockery, for the termination of one suit would only become the signal for the institution of a new one, and the expense might be ruinous to all the parties. The obvious ground of the jurisdiction of courts of equity in cases of this sort is to suppress useless litigation and to prevent a multiplicity of suits.

*Lyons v. Importers' & Traders' Nat. Bank*, 63 A. 827, 829 (Pa. 1906). Therefore, "[t]he court first acquiring jurisdiction of a case will protect that jurisdiction by enjoining an action by the same parties on the same subject matter in another court[.]" *Trees v. Glenn*, 181 A. 579, 581 (Pa. 1935); *see also*, *e.g.*, *Signora v. Liberty Travel, Inc.*, 846 A.2d 145, 147 (Pa.Super. 2004) (affirming scope of injunctive relief that enjoined defendants from challenging default judgment "in the courts of the state of New Jersey, or in the courts of any other foreign state"). However, "the power should be exercised only in extreme cases." *Trees*, *supra* at 581.

Overall, Appellants' framing and discussion of this issue is lackluster and consists largely of repeating, *ad nauseam*, portions of the following block quotation from our Supreme Court's holding in *Trees*:

> Where a court whose power is adequate to the administration of complete justice in the premises has acquired jurisdiction of a case, the litigation should be confined to that forum, and any attempt by either party to divert the litigation to another court will be restrained by injunction, especially after an adverse decision on the claim of the party seeking relief in a new forum. The observance of this rule is essential to the due and orderly administration of justice and the integrity of judgments and decrees, and in order to render valid its operation **it is not essential that the element of irreparable damage should be involved.** Furthermore, the propriety of the remedy by injunction is not affected by the fact that the court subsequently acquiring jurisdiction of the matter has equity as well as common law powers.

*Trees*, *supra* at 581-82 (emphasis added); *see also* Appellants' brief at 37, 39-41. Critically, Appellants have not addressed their arguments to the six elements that form their burden of proof either in the trial court or in this

Court. Rather, Appellants' discussion suggests that this precedent is somehow self-executing and automatically results in the issuance of an injunction. *See* Appellants' brief at 43 ("Until [*Trees*] is overruled, it remains binding precedent which requires the employment of an injunction[.]"). We disagree.

As discussed above, Appellants have the burden of establishing that each of the six prerequisites for the issuance of a preliminary or special injunction. *See Warehime*, *supra* at 46. At this juncture, it bears mentioning that "[t]his Court will not act as counsel and will not develop arguments on behalf of an appellant." *Coulter v. Ramsden*, 94 A.3d 1080, 1088-89 (Pa.Super. 2014). While *Trees* and the related case law cited above provide that a party is permitted to seek an injunction to restrain allegedly duplicative litigation, these precedents do not obviate the petitioner's well-established burden of proof. In order to secure an injunction arresting litigation, a party must still satisfy the applicable legal standards.

Even assuming, *arguendo*, that Appellant is excused from compliance with the irreparable-harm prong pursuant to the highlighted portion of *Trees* quoted above, Appellants have failed to offer any affirmative argument as the other five necessary elements. In particular, we conclude that there is insufficient evidence to establish that: (1) an injunction restraining Stevenson from pursuing legal action in Philadelphia would properly restore the *status quo* between the parties; and (2) Appellants' right to relief is clear.

In this context, "[t]he *status quo* to be maintained by a preliminary injunction is the legal status that preceded the pending controversy." **The York Group**, **Inc**. **v. Yorktowne Caskets, Inc.**, 924 A.2d 1234, 1244 (Pa.Super. 2007). With respect to the likelihood of success, "[w]e do not attempt to determine whether the party seeking the preliminary injunction is guaranteed to prevail because our review of a decision regarding a preliminary injunction does not reach the merits of the controversy." **Ambrogi v. Reber**, 932 A.2d 969, 980 (Pa.Super. 2007). Specifically, the petitioner seeking an injunction must establish a *prima facie* right to relief. **See Synthes USA Sales, LLC v. Harrison**, 83 A.3d 242, 249 (Pa.Super. 2013).

At a basic level, Appellants' position is that Stevenson's civil action in Philadelphia is duplicative of this proceeding. Instantly, Stevenson raised counterclaims as to his alleged ownership interests in Veneesa. However, those issues were withdrawn prior to trial and never addressed on the merits by the jury. Moreover, Stevenson's admission of civil liability in the amount of the restitution ordered in his criminal case would not, and did not, negatively impact the potential viability of his counterclaims. While the trial court's October 3, 2018 order provided that Stevenson's wife had surrendered any future legal claims against the parties in this case, no such limiting proviso was made with respect to Stevenson. **See** Order, 10/3/18, at 1. Thus, there is no indication that these claims were withdrawn with prejudice and no preclusive holding has been made regarding Stevenson's ownership interest.

Furthermore, the issues raised in Stevenson's Philadelphia complaint appear to be distinct from this case. That civil action concerns corporate actions taken after the instant lawsuit, whereby the operations of Veneesa allegedly were transferred to corporate successors-in-interest to avoid paying Stevenson profit shares. Indeed, the party-defendants in Philadelphia are not named or otherwise involved in this case. Additionally, as the trial court explained, it is not clear why Appellants have resorted to the extreme remedy of an injunction arresting litigation instead of pleading various affirmative defenses in the Philadelphia action. *See* Trial Court Opinion, 4/1/21, at 3 ("If, in fact, the pending case in Philadelphia County is the same case or controversy, then Appellants may assert their affirmative defenses under Pa.R.C.P. 1030 and seek a prompt dismissal.").

As detailed above, the gravamen of Appellants' arguments is that Stevenson's withdrawal of charges should preclude him from filing a lawsuit in Philadelphia. However, no factual or legal determinations were made concerning Stevenson's alleged ownership interest in Veneesa. Furthermore, there is no corroboration in the certified record that Stevenson's claims were otherwise surrendered with prejudice. Accordingly, Appellants have failed to demonstrate the legal *status quo* requires restoration. For the same reason, Appellants' ability to prevail on the merits of its arguments concerning the preclusion of Stevenson's civil claims appears equally dubious.

Based on the foregoing discussion, we conclude that the trial court had reasonable grounds for denying Appellants' request for an injunction.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/8/2022